UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DAYDREN CUMBERLANDER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 2:13-cv210-JMS-MJD |
| | ) |
| JOHN C. OLIVER, Warden, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott,* 512 U.S. 849, 856 (1994). This is an appropriate case for such a disposition. This conclusion is compelled by the following facts and circumstances:

1. Daydren Cumberlander is confined at a federal prison in this District and seeks habeas corpus relief pursuant to 28 U.S.C. ' 2241(c)(3) based on his contention that the Federal Bureau of Prisons ("BOP") has improperly retained him in a prison rather than a community-based halfway house.

2. The pivotal point for the present is determining what remedy is authorized and appropriate for Cumberlander's challenge. As noted in *Jasperson v. Federal Bureau of Prisons,* 460 F.Supp.2d 76, 81 (D.D.C. 2006), the Seventh Circuit has held that habeas is not an available remedy in this context, but rather that prisoners must bring civil actions utilizing the Administrative Procedures Act. This was determined in *Richmond v. Scibana,* 387 F.3d 602 (7th Cir. 2004), and is fatal to Cumberlander's claim here.

3. Cumberlander's habeas petition shows on its face that he is not entitled to the relief he seeks. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 07/11/2013

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Daydren Cumberlander
67753-061
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808